*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FKS.

TAYLOR ZUBER,

　　　　　　　Petitioner-Appellee,

v

FKS,

　　　　　　　Respondent-Appellant.

UNPUBLISHED
November 13, 2024
11:19 AM

No. 370746
Kent Probate Court
LC No. 24-932297-MI

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Respondent appeals by right the probate court's order authorizing her involuntary mental-health treatment. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In March 2024, respondent was admitted to the University of Michigan Health-West Hospital. A hospital social worker subsequently petitioned the probate court for the involuntary mental-health treatment of respondent, who was exhibiting paranoid delusions, auditory and visual hallucinations, impaired judgment, and disorganized speech, and was diagnosed with schizophrenia. Respondent had also disclosed to hospital workers that she had recently attempted to burn herself.

The probate court appointed legal counsel for respondent and scheduled a hearing; however, respondent and her counsel signed a request to defer the hearing, indicating that respondent would accept a combination of inpatient and outpatient mental-health treatment for no more than 180 days, with no more than 60 days of inpatient treatment. A few days later, at the request of respondent, the hospital filed a new demand for a hearing with the probate court. The probate court again appointed her the same legal counsel and scheduled a hearing. Two days later, respondent and her legal counsel signed a waiver of her right to attend the hearing, which included

-1-

a stipulation to a combination of inpatient and outpatient mental-health treatment for no more than 180 days, with no more than 60 days inpatient.

The probate court entered an order for involuntary mental health treatment that specified, consistently with respondent's stipulation, that respondent would receive a combination of inpatient and outpatient mental-health treatment for no more than 180 days, with no more than 60 days of inpatient treatment. This appeal followed.

## II. STANDARD OF REVIEW

We generally review for clear error the factual findings underlying a probate court's decision, and review for an abuse of discretion its dispositional rulings. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). We review unpreserved constitutional issues in civil commitment proceedings for plain error affecting substantial rights. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-3, 5 n 3; *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999).

## III. DUE PROCESS

Respondent argues that the trial court erred by accepting her waiver of her right to be present at a hearing, including a stipulation to mental-health treatment, without first ascertaining whether that stipulation was made knowingly and understandingly, and that this violated her due-process rights. She also argues that the trial court violated her due process rights by issuing an involuntary mental health treatment order that was not supported by any record evidence. We disagree.

"In civil cases, Michigan follows the 'raise or waive' rule of appellate review. . . . If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co*, ___ Mich App at___; slip op at 2-3 (quotation marks and citation omitted). However, because respondents in civil commitment proceedings have constitutional due-process rights, *In re Jestila*, 345 Mich App 353, 356; 5 NW3d 362 (2023), we will review respondent's unpreserved constitutional claim for plain error. See *id*. at ___; slip op at 5 n 3; *Carines*, 460 Mich at 597.

"This Court has previously held that the procedures embodied in the Mental Health Code satisfy due process guarantees." *Jestila*, 345 Mich App at 356 (quotation marks and citation omitted). The Mental Health Code, MCL 330.1001 *et seq*., provides that a respondent's right to be present at court hearings may be waived if that waiver is "signed by the subject of a petition, witnessed by his or her legal counsel, and filed with the court . . . ." MCL 330.1455(1). The Mental Health Code also provides that a respondent, "after consultation with counsel, may stipulate to the entry of any order for treatment." MCL 330.1455(2). MCR 5.737 additionally provides that "[u]nless a statute or court rule requires that a waiver be made by the individual personally and on the record, a waiver may be in writing signed by the individual, witnessed by the individual's attorney, and filed with the court."

The record is clear that the probate court abided by the pertinent portions of the Mental Health Code and the court rules by accepting respondent's signed waiver of her right to be present at the hearing before the probate court, and by accepting her stipulation to receive mental-health

treatment. Respondent was represented by appointed counsel who also abided by the Mental Health Code. The probate court was not required to engage with respondent personally before accepting her waiver and stipulation. Respondent has not shown plain error affecting her substantial rights. *Tolas Oil & Gas Exploration Co*, ___ Mich App at___; slip op at 2-3.

Respondent also argues that the clinical certificates in this matter were not entered into evidence at a hearing and that therefore, the probate court erred by issuing its order in reliance on that evidence. We disagree.

Clinical certificates are required to accompany a petition for mental-health treatment. MCL 330.1452. If a hearing on the matter is conducted, then testimony from at least one "physician or licensed psychologist who has personally examined that individual" is required. MCL 330.1461(2). However, the testimony requirement may be waived by the subject of the petition. *Id.* "If the testimony given in person is waived, a clinical certificate completed by a physician, licensed psychologist, or psychiatrist must be presented to the court before or at the initial hearing." *Id.* The Mental Health Code also states that "[t]he subject of the petition under section 434, after consultation with counsel, may stipulate to the entry of any order for treatment." MCL 330.1455(2).

In this case, respondent stipulated to the entry of an order for mental health treatment. The probate court, accordingly, was not required to rely on any clinical certificates in order to enter the order for treatment. See MCL 330.1455(2). Further, the record shows that the initial petition was accompanied by clinical certificates. MCL 330.1461(2) permits clinical certificates to be presented to the court "*before* or at the initial hearing." (Emphasis added). Respondent has not shown that plain error resulted from the lack of any clinical certificates admitted into evidence at a hearing. *Tolas Oil & Gas Exploration Co*, ___ Mich App at___; slip op at 2-3.

## IV. TERMS AND DURATION OF THE MENTAL HEALTH TREATMENT

Respondent also argues that the probate court's order was not permissible because it exceeded the treatment initially sought in the petition. Respondent has waived this argument.

Although the petition in this matter only initially sought inpatient hospitalization for respondent, the accompanying clinical certificates recommended inpatient mental-health treatment followed by additional outpatient treatment. More importantly, respondent stipulated to a combination of inpatient and outpatient treatment, and the probate court's order conformed to her stipulation. Accordingly, respondent may not challenge the content of an order to which she explicitly stipulated. See *Varran v Granneman (On Remand)*, 312 Mich App 591, 623; 880 NW2d 242 (2015) ("One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.") (quotation marks and citation omitted). "[A] party may not claim as error on appeal an issue that the party deemed

proper in the trial court because doing so would permit the party to harbor error as an appellate parachute." *In re Conservatorship of Brody*, 321 Mich App 332, 347; 909 NW2d 849 (2017) (quotation marks, citation, and brackets omitted).

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron